**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JAMES CORTEZ ARNOLD**                                       **PETITIONER**
**ADC #114047**

**VS.**                **CASE NO.: 5:12CV00224 JLH/BD**

**RAY HOBBS, Director,**                                       **RESPONDENT**
**Arkansas Department of Correction**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections**

       The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.  Mr. Arnold – or any party – may file written objections to this Recommendation.

       Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

       An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

       If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:

>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

## II.    Discussion

Petitioner James Cortez Arnold, an inmate in the Arkansas Department of Correction ("ADC"), filed this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) challenging his state conviction.  Respondent Ray Hobbs has responded to the petition. (#7)  For reasons that follow, Mr. Arnold's petition for writ of habeas corpus should be DENIED and his case DISMISSED, with prejudice.

Mr. Arnold entered a conditional guilty plea to several drug offenses in the Circuit Court of Washington County, Arkansas.  With the conditional plea, Mr. Arnold retained the right to appeal the trial court's denial of his motion to dismiss on speedy trial grounds. Mr. Arnold appealed, and the Arkansas Court of Appeals affirmed the trial court's decision. *Arnold v. State*, 2011 Ark.App. 452.  In the appeal, the Arkansas Court of Appeals considered only Arkansas law and procedure. *Id*.

Mr. Arnold was first arrested for the drug offenses at issue on August 31, 2008.[1] He failed to appear for trial on December 12, 2008, and the trial court issued a bench warrant for his arrest.  On July 1, 2009, Pulaski County authorities arrested Mr. Arnold on unrelated charges, and the same day, the Washington County Sheriff's Office placed a

---

[1] The factual summary is taken from the Arkansas Court of Appeals decision. *Id*.

hold on Mr. Arnold with Pulaski County.  Mr. Arnold remained in the Pulaski County Jail until his transfer to the diagnostic unit of the Arkansas Department of Correction ("ADC") on December 16, 2009.[2]  He was eventually transferred from the ADC to Washington County on April 9, 2010.  He filed a motion to dismiss for want of a speedy trial on June 14, 2010.

Mr. Arnold raises two grounds for federal habeas corpus relief.  First, he alleges that the delay in his trial violated his right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution.  (#2, p. 4)  Second, he alleges that his counsel provided constitutionally ineffective assistance by failing to argue that the time Mr. Arnold spent in the ADC should have counted for purposes of determining whether he was afforded a speedy trial.  (#2, p. 5)

**III.   Discussion**

Mr. Arnold's claims lean heavily on Arkansas law and procedure.  Federal habeas courts, however, are not arbitrators of state law or state procedure.  *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997).  This Court can consider this federal habeas corpus petition only on grounds that Mr. Arnold is being held in violation of the United States Constitution or in violation of federal law.  28 U.S.C. § 2254(a).  So to the extent Mr. Arnold alleges violations of Arkansas law and procedure, those claims should be summarily denied.

---

[2] During this time, Pulaski County officials briefly transferred Mr. Arnold to Lonoke County for a criminal proceeding there.

Both of Mr. Arnold's claims appear defaulted because he failed to raise a violation of his federal right to a speedy trial or an ineffective-assistance-of-counsel claim in the state courts. That said, this Court can reach the merits of Mr. Arnold's petition, even though he failed to properly exhaust his claims in the State courts. 28 U.S.C. § 2254(b)(2). A discussion of the merits is appropriate.

    A.    *Speedy Trial*

The Sixth Amendment guarantees the right to a speedy trial in all criminal prosecutions, whether state of federal. U.S. CONST. amend. VI. Unlike Arkansas's speedy trial rule, however, the constitutional right to a speedy trial in state prosecutions is not quantified by a certain number of days, weeks, or months. *Baker v. Wingo*, 407 U.S. 514, 521-523, 92 S.Ct. 2182 (1972); *cf.,* ARK.R.CRIM.P. 28.1 (providing twelve-month period to bring defendant to trial before dismissal of charges). Instead, under federal law, courts balance the conduct of both parties and consider other factors, including the length of delay, the reason for the delay, the defendant's assertion of his rights, and prejudice to the defendant. *Vermont v. Brillon*, 129 S.Ct. 1283, 1290 (2009) (citations omitted). In this case, the balancing test heavily favors the State of Arkansas.

A total of 687 days elapsed between Mr. Arnold's first arrest on August 31, 2008, and his conviction on July 19, 2010 – a delay spanning almost two years. The Supreme Court held that a three-year delay, in and of itself, did not violate the defendant's right to a speedy trial in *Brillon, supra.* Still, the lengthy delay in getting Mr. Arnold to trial is significant. The reasons for the delay, however, do not weigh in his side of the balance.

Mr. Arnold was scheduled to appear for trial on December 12, 2008, less than four months after his initial arrest. He failed to appear and was essentially a fugitive until his arrest on unrelated charges in Pulaski County on July 1, 2009. This period consumed over 200 days of the 687-day delay. On the same day Mr. Arnold was arrested in Pulaski County, Washington County officials placed a detainer for him. (#2, p. 24)

Mr. Arnold, however, also had to answer for charges in another venue. He was transferred from Pulaski County to Lonoke County, where either a suspended sentence or probation was revoked. He remained in the Pulaski County Detention Facility until his transfer to the ADC on December 16, 2009.

On March 1, 2010, Washington County officials learned that Mr. Arnold was in the ADC and requested that he be transferred to face the Washington County charges. (#2, p. 25-26) He was eventually transferred from the ADC to Washington County on April 9, 2010. On June 14, 2010, he sought dismissal of his Washington County charges.

Some of the delay in bringing Mr. Arnold to trial can be fairly attributed to the state. But it is clear from the record that Mr. Arnold would have been tried less than four months after his initial arrest if he had appeared for trial. His failure to appear – prior to any delay on the part of Washington County officials in arranging his transfer – was the primary reason for the delay in his trial. The effects of earlier events should be considered when analyzing subsequent delay. *Brillon*, 129 S.Ct. at 1292. This factor weighs heavily in the State's favor.

Mr. Arnold asserted his right to a speedy trial on June 14, 2010, by filing a motion to dismiss on speedy trial grounds. But there is no evidence that he asserted his right to a speedy trial during the time he was a fugitive, or while he was in the Pulaski County Jail, or during his time in Lonoke County, or after his transfer to the ADC. Mr. Arnold asserted his right to a speedy trial only after his transfer back to Washington County to face the charges from which he had fled.

The final factor is prejudice to the defendant caused by the delay. There is no evidence that the delay in this case prejudiced Mr. Arnold. It appears from the record that the speedy trial issue was Mr. Arnold's only defense to the charges against him; and the delay in bringing him to trial raised the possibility of the speedy trial defense. In one sense, the delay provided Mr. Arnold with the only defense he was able to mount to the charges. There was no adverse effect.

After balancing the conduct of both parties, this Court cannot find a Sixth Amendment speedy trial violation. Mr. Arnold's failure to appear for trial far outweighs the state's lack of diligence, if indeed the state can be faulted. Mr. Arnold has failed to demonstrate any prejudice flowing from the delay.

      B.    *Ineffective Assistance of Counsel Claims*

Mr. Arnold did not raise ineffective-assistance-of-counsel claims with the state courts, so this claim is apparently defaulted. Even if the claim were not defaulted, though, Mr. Arnold would not be entitled to relief.

Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984), a petitioner must show that he was prejudiced by his trial counsel's deficient performance. To show prejudice in this case, Mr. Arnold would have to demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985).

Mr. Arnold presents no evidence that his counsel's performance was deficient. It appears from the record that Mr. Arnold's only defense to the Washington County charges was the speedy-trial issue. He concedes that his lawyer filed a motion to dismiss based on the lack of a speedy trial, but he claims that his lawyer should have argued for more time to be counted against the speedy trial clock. It is clear that his lawyer's speedy-trial calculation included fewer days that Mr. Arnold has calculated. (#2, p. 14, 20-21) Likewise, on appeal Mr. Arnold's lawyer raised the speedy-trial issue; but again, his calculation of non-excludable time reflected fewer days than Mr. Arnold believes he should have included.[3]

Whether the lawyer should have argued for a longer period is irrelevant and cannot support a claim of ineffective assistance of counsel. The state courts rejected the defense theory that the shorter period should have been counted in the speedy-trial calculation. If

---

[3] On appeal, Mr. Arnold's lawyer argued for including July 2, 2009, through December 16, 2009, as the period of unwarranted delay in bring Mr. Arnold to trial. Mr. Arnold's current argument is that his lawyer should have argued that more time should have been included in the calculation – from July 27, 2009, through July 19, 2010. *Arnold v. State*, 2011 Ark.App. 452. (#2, p. 5)

the Arkansas courts declined to go along with counsel's computation of time to be counted, it is specious to argue that the courts would have bought the argument that even more time should have been counted against the state. In sum, the end result surely would have been the same, regardless of counsel's argument.[4]

      Mr. Arnold has failed to show that his lawyer's performance was deficient. It is questionable whether either Mr. Arnold's or his lawyer's calculations were correct. Even if counsel's performance had been deficient, Mr. Arnold suffered no harm. He also has not alleged facts to support a colorable argument that, but for his counsel's speedy-trial calculation, he probably would not have pleaded guilty. Accordingly, this claim has no merit.

## IV.     Certificate of Appealability

      When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Arnold has made a substantial showing of the denial of a constitutional right. 28 U.S.C.

---

[4] A total of 687 days elapsed between Mr. Arnold's first arrest on August 31, 2008, and his conviction on July 19, 2010. Mr. Arnold cannot credibly argue that the 200 days (December 12, 2008, to July 1, 2009) between his failure to appear and his eventual arrest should be counted against the speedy trial clock. His counsel argued for including 169 days – from July 2, 2009 until his transfer to the ADC on December 16, 2009. Both the trial court and court of appeals found that this time was properly excluded. Subtracting just these two excluded periods brings the total time to 318 days, a span well within the time allowed under Arkansas's speedy trial rule. And, as noted, federal courts couldn't grant relief even if there were a violation of the Arkansas speedy-trial statute.

§ 2253(c)(1)-(2).  In this case, Mr. Arnold has not provided a basis for issuing a certificate of appealability.  Accordingly, a certificate of appealability should be denied.

## V.     Conclusion

Petitioner James Cortez Arnold provided no basis for this Court to issue a writ of habeas corpus.  For that reason, this Court recommends that the District Judge DENY the petition and DISMISS Mr. Arnold's petition for writ of habeas corpus, with prejudice.

DATED this 20th day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE